BOYER, Judge.
Appellant entered a plea of guilty to burglary of a structure. The Circuit Court Minute Book reflects a judgment and sentence containing the following recitation:
“You, Arthur Duncan, having entered a plea of Guilty to the crime of Burglary of Structure, Count I of the Information, the court adjudges you guilty. It is the judgment of the court and the sentence of the law that you, Arthur Duncan, for your said offense, be committed to the *452 custody of the Director of the Department of Offender Rehabilitation of the State of Florida for a period of Four (4) Years. You are given credit on this sentence for One Hundred Fifteen (115) days dail time served in the County Jail of Bay County, Florida.”
Thereafter there was entered by the Clerk of the Court a “Uniform Commitment to Custody of Division of Corrections” which recited the offense, the date of conviction, the date sentence was imposed and designated the term of sentence as being four years without any reference to credit for jail time. Said document is styled in the name of the State of Florida against Arthur Duncan and is directed “TO THE SHERIFF OF SAID COUNTY AND THE DIVISION OF CORRECTIONS OF SAID STATE, GREETING:” It recites, inter alia
“ * * * this is to command you, the said Division of Correction, * * * to keep and safely imprison the said defendant for the term of said sentence in the institution in the state correctional system to which you, the said Division of Corrections, may cause the said defendant to be conveyed or thereafter transferred. And these presents shall be your authority for the same. Herein fail not.”
Insofar as the said Uniform Commitment to Custody of Division of Corrections purports to deprive appellant of the 115 days jail time provided for in the judgment and sentence as reflected by the Circuit Court Minute Book, it is erroneous. (See F.S. 921.161)
Accordingly, the judgment and sentence (as reflected by the Circuit Court Minute Book) are affirmed but we remand to the trial court to correct the erroneous sentence reflected in the Uniform Commitment to Custody of Division of Corrections. It is not necessary that appellant be present when the correction be effected.
IT IS SO ORDERED.
McCORD, C. J., and MELVIN, J., concur.